IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

John Baranyai,

    *Plaintiff*,

v.

Cricket Wireless, LLC, *et al.*,

    *Defendants*.

1:18-cv-2798

## NOTICE OF REMOVAL

Defendant Broken Arrow Communications, Inc. ("Broken Arrow"), pursuant to 28 U.S.C. §§1332, 1441, and 1446, requests this action be removed to the United States District Court for the Northern District of Illinois. In support thereof, Broken Arrow states as follows:

1. This action was commenced by plaintiff John Baranyai ("Plaintiff") against defendant Cricket Wireless LLC d/b/a Cricket Wireless Illinois LLC ("Cricket") on June 8, 2017, in the Circuit Court of Cook County, Illinois, pursuant to docket number 2017 L 5811. (See, Complaint attached as Exhibit A.) Plaintiff subsequently filed a series of amended complaints, culminating in the operative Third Amended Complaint which was filed on January 17, 2018. The Third Amended Complaint named three new parties as defendants, specifically Broken Arrow, Fillcor, LLC ("Fillcor"), and Jacobs Telecommunications Inc., erroneously sued as Jacobs Engineering Group Inc., ("Jacobs"). (See, First, Second, and Third Amended Complaints attached as Exhibits B-D.)

2. Broken Arrow was subsequently served with a copy of the Third Amended Complaint on January 23, 2018. (See, Proof of Service attached as Exhibit E.)

3. The code clearly establishes that "…if the case stated by the initial pleadings is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3). Accordingly, where Plaintiff's initial pleadings fail to disclose elements necessary for determining federal jurisdiction, the 30-day removal clock does not start until defendant receives a pleading, motion, or other paper affirmatively and unambiguously revealing the predicates for removal are met. *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).

4. In the present case, Broken Arrow needs to determine two factors in order to evaluate whether federal diversity jurisdiction exists: the citizenship of the parties and the amount in controversy. 28 U.SC. §1332(a). However, none of Plaintiff's four complaints reveal the state of plaintiff's citizenship. In fact, Broken Arrow had no knowledge of Plaintiff's domicile until April 3, 2018, when it received a courtesy copy of Cricket's Amended Motion to Transfer Venue, which included as an exhibit Plaintiff's Answers to Special Forum Non-Conveniens Interrogatories ("Interrogatory Responses"). Plaintiff initially served the Interrogatory Responses on September 11, 2017, well before Broken Arrow, Fillcor, and Jacobs were named as defendants in this litigation. (See, Interrogatory Responses attached as Exhibits F.)

5. According to the Interrogatory Responses, Plaintiff's permanent residence is located at 30256 Hunt Club Road, Carrsville, Virginia. Accordingly, he is domiciled in and a citizen of the State of Virginia. (See, Plaintiff's Answers to Special Forum Non Conveniens Interrogatories attached as Exhibit F at ¶¶1, 6).

6. Defendant Broken Arrow is a corporation organized under the laws of the State of New Mexico, with its principal place of business located in New Mexico. (See, New Mexico Secretary of State records attached as Exhibit G.)

7. Defendant Fillcor, LLC is a limited liability company organized under the laws of the State of Missouri, with its principal place of business located in Missouri. Fillcor's sole member, Robert Steward, is a citizen of the State of Missouri. (See, Illinois and Missouri Secretary of State records, attached as Exhibit H). Fillcor will file an affidavit regarding the citizenship of its member.

8. Defendant Jacobs Telecommunications Inc., erroneously sued as Jacobs Engineering Group Inc., is a corporation organized under the laws of the State of New Jersey, with its principal place of business located in Georgia. (See, Illinois Secretary of State records, attached as Exhibit I). Jacobs will file an affidavit regarding its principal place of business.

9. Defendant Cricket Wireless LLC d/b/a Cricket Wireless Illinois LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Delaware. Cricket's members are citizens of the States of Delaware, Georgia, New York, New Jersey, and Texas. (See, Illinois Secretary of State records, attached as Exhibit J; see also, Declaration of Jackie A. Begue, attached as Exhibit K.)

10. Complete diversity of citizenship therefore exists between Plaintiff and all defendants.

11. Pursuant to the Third Amended Complaint, Plaintiff claims to have suffered serious personal injuries when he fell off a platform while dismantling an antenna on top of a high-rise building. Based upon Plaintiff's medical records and information provided by his counsel of record, Plaintiff suffered a broken tibia and fibula in his leg which required open

reduction internal fixation surgery, resulting in medical bills exceeding the minimum diversity amount of $75,000.  His medical costs will allegedly increase as further related medical care and treatment is received.  Pursuant to the Third Amended Complaint, Plaintiff also seeks recovery of lost wages and non-economic damages due to pain, suffering, disability, and disfigurement as a result of the injuries he allegedly suffered.

12. The complaint Plaintiff filed in state court is therefore a civil action over which the Court has original jurisdiction under 28 U.S.C. §1332 and is one that Broken Arrow may remove to the United States District Court, Northern District of Illinois.

13. Pursuant to 28 U.S.C. §1446(b)(2), codefendants Fillcor, Jacobs, and Cricket have consented to the removal of this action to federal court. (See, Consent forms attached as Exhibits L-N.)

WHEREFORE, Broken Arrow respectfully requests this action be removed from the Circuit Court of Cook County, Illinois to the United States District Court, Northern District of Illinois.

Respectfully submitted,

BROKEN ARROW COMMUNICATIONS, INC.

By: */s/ Jeffrey D. Naffziger*
One of Its Attorneys

Jeffrey D. Naffziger (6275581)
Brian H. Boyle, Jr.
Christensen Hsu Sipes, LLP
135 S. LaSalle Street Suite 4200
Chicago, IL 60603
tel. 312 634 1014
jeff@chs.law
brian@chs.law
docket@chs.law
878669